IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>           Plaintiff,<br><br>  v.<br><br>A. D. LEE, Correctional Lieutenant; J. McFADYEN, Correctional Sergeant; J. GUTHRIE, Correctional Officer; V. BAKER, Correctional Officer; and D. GRAY, Correctional Officer,<br><br>           Defendants. | No. C 07-1179 WHA (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, an inmate now at High Desert State Prison in Susanville, filed a pro se civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California. Because the complaint involves events and defendants at San Quentin State Prison, which is in this district, that court transferred it here. Plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that defendant Baker beat him without reason or provocation and in the presence of defendant McFadyen. Defendant Gray then joined in, using pepper spray. They then ignored his pleas for medical care. Defendant Guthrie escorted him to the infirmary, where defendant Lee told him he would not be given any medical care; Guthrie then escorted him to segregation without providing medical treatment. These allegations are sufficient to require a response.

**CONCLUSION**

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the

1 following defendants: A. D. LEE, Correctional Lieutenant; J. McFADYEN, Correctional
2 Sergeant; J. GUTHRIE, Correctional Officer; V. BAKER, Correctional Officer; and D. GRAY,
3 Correctional Officer. Plaintiff states that they can be found at San Quentin State Prison.

4     2. In order to expedite the resolution of this case, the court orders as follows:

5         a. No later than sixty days from the date of service, defendants shall file a
6 motion for summary judgment or other dispositive motion. The motion shall be supported by
7 adequate factual documentation and shall conform in all respects to Federal Rule of Civil
8 Procedure 56, and shall include as exhibits all records and incident reports stemming from the
9 events at issue. If defendants are of the opinion that this case cannot be resolved by summary
10 judgment, they shall so inform the court prior to the date their summary judgment motion is
11 due. All papers filed with the court shall be promptly served on the plaintiff.

12         b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
13 court and served upon defendants no later than thirty days from the date of service of the
14 motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
15 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
16 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

17     If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
18 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
19 should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
20 which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),
21 *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

22         c. If defendants wish to file a reply brief, they shall do so no later than fifteen
23 days after the date of service of the opposition.

24         d. The motion shall be deemed submitted as of the date the reply brief is due.
25 No hearing will be held on the motion unless the court so orders at a later date.

26     3. All communications by the plaintiff with the court must be served on defendants, or
27 defendants' counsel once counsel has been designated, by mailing a true copy of the document
28 to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  October    29    , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\HERNANDEZ179.SERVE.wpd

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**

**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

7